**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4446**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JAMES HUBBARD SMITH,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:24-cr-00053-FL-1)

─────────────

Submitted:  July 16, 2026                            Decided:  July 20, 2026

─────────────

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Hubbard Smith appeals the district court's judgment revoking his supervised release and imposing a 24-month prison term.  He argues that his revocation sentence is substantively unreasonable.  We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release."  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, evaluating "the same procedural and substantive considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified).  If a revocation sentence is both procedurally and substantively reasonable, we will not proceed to consider "whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious."  *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the [Sentencing Guidelines'] Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors."  *Id.* at 436; *see* 18 U.S.C. § 3583(e) (listing applicable factors); *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) ("[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it

2

still must provide a statement of reasons for the sentence imposed." (citation modified)). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted).

We conclude that Smith's revocation sentence—which does not exceed the maximum prison term allowed by statute, *see* 18 U.S.C. § 3583(e)(3)—is procedurally reasonable. The district court properly calculated the policy statement range at 12 to 18 months' imprisonment, heard argument from counsel and Smith's allocution, and—after considering these matters and the policy statement range—sufficiently explained its reasons for imposing the 24-month term. The court's reasons are grounded in factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Smith's violative conduct and his history and characteristics. *See* 18 U.S.C. §§ 3553(a)(1), 3583(e). On substantive reasonableness, Smith emphasizes his mental health struggles, the role they played in his violative conduct, and the insight into his struggles that he displayed at the revocation hearing. The district court considered Smith's request for a within-policy-statement-range sentence grounded in his mental health concerns and insight into those concerns and weighed that request against his violative conduct, criminal history, and pattern of recidivism. Although "reasonable jurists could perhaps have balanced those competing factors differently and arrived at a different result, we cannot conclude that this is one of the rare cases where the sentence imposed by the

3

district court was substantively unreasonable in light of the § 3553(a) factors." *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (citation modified).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*